## WESLEY ROWE v. WILLIAM HICKS, Jr.

### Replevin. Animals.

The gist of the action of replevin is the detention, not the taking; thus, the defendant carried on a farm at the halves, and his father, while assisting him at haying, seized the cattle in contention *damage feasant;* but instead of driving them to the public pound, yarded them on the premises. The cattle broke through the defendant's defective fence. Both the defendant and his father refused to deliver them up on demand; *Held,* that defendant was a wrong-doer, and liable in an action of replevin.

REPLEVIN of fourteen cows. Plea, not guilty; license, avowry that cattle were taken *damage feasant.* Replication, *similiter* to general issue, traverse of license. Plea to avowry, that cattle were in plaintiff's close and got out though defendant's portion of division fence which was not legal fence, and that there was a pound in Wells, and cattle should have been impounded therein.

Trial by court, September Term, 1885, VEAZEY, J., presiding. Judgment for the plaintiff.

The defendant was a married man and carried on the farm in Wells, substantially at the halves, but without express contract to that effect in advance. This farm was owned by the wife of defendant's father, but she was not the defendant's mother. Defendant's father lived in Granville, N. Y., and had the use and control of this farm as between him and his wife; and was accustomed to visit the defendant from time to time and help him in the farm work, and on such occasions directed matters more or less. Sometimes he was there several weeks at a time. He had a good deal to do with sale of products and divided proceeds without much reference to exactness. He paid help and other bills in part when there and advised about hiring help. The defendant was in general control, but submitted to his

father's suggestions or orders as thus exercised when there. The plaintiff's farm adjoined the defendant's farm, where he lived as aforesaid.

On the 31st day of July, 1884, the defendant's father was there helping his son in haying, having been there some time, and found the said cattle of the plaintiff in the meadow of said farm, and shut them up in the barn-yard thereon, but without any participation of the defendant. The plaintiff soon learning this, proceeded at once to the defendant's house, where the cattle were thus yarded, and demanded them, but was refused by both father and son. The defendant never repudiated the act of his father in shutting up the cows, but concurred in it.

The cows were injured by neglect in milking and otherwise. They got out from the plaintiff's pasture by the division fence between said two farms, which belonged to the defendant to maintain, which was very poor and was not a lawful fence. Neither the defendant nor his father had any license to shut up the cows. There was a public pound and pound-keeper in Wells at the time.

*Fayette Potter* and *Beaman & Platt*, for the defendant, cited *Hubbard* v. *Hunt*, 41 Vt. 375; Wells' Rep. ss. 134, 144; *Whitwell* v. *Wells*, 24 Pick. 22; 3 Allen, 575; *Irish* v. *Cloyes*, 8 Vt. 30; *Rice* v. *Clark*, 8 Vt. 109; *Buck* v. *Ashley*, 37 Vt. 475.

To maintain replevin, it must be found that the defendant, at the time of the replevy, had the property in his possession and under his control. *Richardson* v. *Reed*, 4 Gray, 441; *Ramsdell* v. *Buswell*, 54 Me. 546.

*J. C. Baker*, for the plaintiff.

The plaintiff demanded his cattle of the defendant at his yard where they were confined, and was refused by the defendant. This entitles the plaintiff to a recovery. *Sprague* v. *Clark*, 41 Vt. 6; *Cox* v. *Fay*, 54 Vt. 446.

Replevin will lie wherever trespass or trover could be maintained in a case like this. *Briggs* v. *Gleason,* 29 Vt. 78; *Estey* v. *Clark,* 32 Vt. 744; *Sprague* v. *Clark, supra; Gragg* v. *Hull,* 41 Vt. 217.

The opinion of the court was delivered by

POWERS, J. The defendant misconstrues the facts stated in the exceptions. His argument proceeds upon the theory that the defendant's father was the owner of the farm on. which the defendant resided, and was in control of the same when the cattle were seized and detained, whereas the fact is otherwise.

The defendant carried on the farm at the halves in the customary way. He could not well do this without having possession of the farm. In law he had the exclusive possession and his father was there in an advisory capacity, merely. The father took the cattle while doing damage on the defendant's farm. They were detained in the defendant's barn-yard, and when the possession of them was demanded both father and son refused to surrender them. Both therefore were guilty of the detention. The gist of the action of replevin is the detention, not the taking. Wells on Replevin, *passim.*

The cattle, though rightly taken *damage feasant,* escaped into the defendant's enclosure through the defendant's defective fence and were not driven to the public pound as they should have been. The defendant therefore was a wrong-doer in detaining them when demanded.

Judgment affirmed.